**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| IN RE: | : | |
|   Paul J. Vanderbeck | : | Chapter 13 |
|   Cindy Vanderbeck | : | Case No.:21-12461-ELF |
|   Debtors | : | |

## ORDER GRANTING DEBTOR'S MOTION FOR AUTHORITY TO SELL REAL PROPERTY

**AND NOW,** this _____ day of _____, 2022, upon consideration of the Motion for Authority to Sell Real Property filed by debtor, upon notice to all interested parties, upon the filing, and any response thereto, and after a hearing before the Court and for good cause shown, it is hereby

**ORDERED,** that debtors are granted permission to sell their real property located 385 Brownsburg Road, Newtown, PA ("Property"), free and clear of all liens, for the sale price of $718,000, pursuant to the terms of a certain real estate agreement of sale dated as of December 14, 2021, to the buyer(s) thereunder, Norman Feng and Lan Huynh ("Buyer"), who have been represented to be purchasing the Property at arms-length.

The proceeds of the sale, including any funds held as a deposit made by or on behalf of the Buyer, shall be distributed in the approximate following manner:

| | | |
|---|---|---|
| 1. | Ordinary and reasonable settlement costs, including, but not limited to those related to notary services, deed preparation, disbursements, express shipping, surveys, municipal certifications, or any other such routine matters | $3,590 |
| 2. | Liens paid at closing- | $621,892.42 |
| 3. | Real estate taxes, sewer, trash and/or other such items | $7,180 |
| 4. | Property repairs, if any | $_____ |
| 5. | Real estate commission, at no greater than 6% | $43,080 |
| 6. | Attorney's fees, if any | $_____ |
| 7. | Any small (less than $300) allowances agreed to be made to Buyer to settle any unforeseen dispute arising at | |

|   |   |   |
|---|---|---|
|   | settlement | $_____ |
| 8. | Other | $_____ |
|   | ESTIMATED AMT DUE TO SELLER(S) | $42,257.58 |

This Order is contingent upon the mortgage liens serviced by PHH Mortgage and Veripro Solutions being paid in full at closing.

After paying all liens in full and all costs of sale, the title clerk shall pay to Kenneth West Chapter 13 standing trustee, the balance remaining any amount remaining after Debtors have received their exemption of up to $50,200.00 from their portion of the sale proceeds.

The title clerk shall fax a completed HUD-1 or settlement sheet from the closing directly to the trustee immediately upon the close of the settlement, and the trustee shall promptly notify the title company of his approval or objections to the sums to be disbursed.

Upon trustee approval, the title clerk shall fax a copy of the disbursement check to the trustee, and shall immediately transmit the actual disbursement check to the trustee by overnight courier.

Debtor shall not be permitted to voluntarily dismiss this case; he/she may, however, convert this case to one under Chapter 7. In the event the case is converted to Chapter 7, any funds remaining in the possession of the standing trustee shall be transferred to the appointed Chapter 7 trustee.

Per Bankruptcy Rule 6004(h), the 14 day stay as to effect of this Order is hereby waived.


**BY THE COURT**

_____
**HONORABLER ERIC L. FRANK**
**U.S. BANKRUPTCY JUDGE**